*Complaint and Emergency Motion for Temporary Restraining Order.*

*FILED*

UNITED STATES DISTRICT COURT

2025 DEC 30 PM 4: 57

MIDDLE DISTRICT OF TENNESSEE — NASHVILLE DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Plaintiff: Todd Martin Squier
Defendants:

1 Fayette County, Kentucky
2 Any judge or judicial officer of Fayette County, KY, who signed, recorded, or authorized the NCO or EPO (official capacity only)
3 Clerk of Fayette County, Kentucky
4 Kentucky attorneys representing the opposing party acting under court authority (official capacity only)
5 Fayette County Police Department, Kentucky
6 Kentucky State Police (if applicable)
7 NICS / FBI Firearms Background Check System administrators
8 Tennessee Department of Safety / Driver Services
9 Tennessee law-enforcement agencies enforcing or acting on NCO/EPO/NICS entries
10 Any other federal, state, or local entity receiving, transmitting, or enforcing the NCO/EPO, unserved criminal complaint, or derivative orders, including NCIC and other databases

Case No.: [To be assigned]

EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff, Todd Martin Squier, respectfully moves for a Temporary Restraining Order against the above Defendants and states as follows:

I. Factual Background

1 On June 7, 2020, a Kentucky court allegedly issued an Emergency Protective Order (EPO) with a case number cited in the Plaintiff's divorce petition. The clerk has certified there is no EPO record. (Exhibit B)
2 On June 29, 2020, a No Contact Order (NCO) was signed and recorded on July 1, 2020. The NCO expressly cites the nonexistent EPO as its predicate. (Exhibit A)
3 Plaintiff was never served with the alleged EPO or NCO, as confirmed by the certified Return of Summons  (Exhibit C)
4 In June 2020, Plaintiff's First Amendment rights were restrained by the enforcement of the Kentucky NCO that cited the nonexistent EPO.
5 Despite lack of service or jurisdiction, the NCO was enforced, restricting Plaintiff's Second and Fourteenth Amendment rights.
8 On June 11, 2020, a criminal charge (domestic assault) was purportedly filed against Plaintiff in Kentucky. No service was ever made.
9 In 2024, the unserved criminal allegation was entered into law-enforcement databases, including NICS.
11 Plaintiff is a federally cleared contractor, and these restraints have caused immediate, ongoing, and irreparable harm.

II. Legal Basis

1 The NCO is void ab initio, as it relies on a nonexistent EPO.
2 Enforcement violates First, Second, Fourth, Sixth, and Fourteenth Amendments.
6 Plaintiff is entitled to relief under 42 U.S.C. §1983 and Federal Rule of Civil Procedure 65.

III. Relief Requested

Plaintiff respectfully requests a Temporary Restraining Order enjoining Defendants as stated in the motion.

IV. Exhibits

Exhibit A: Certified NCO
Exhibit B: Certified Clerk Memorandum — "No EPO Record Found"
Exhibit C: Certified Return of Summons — Not Served
Exhibit D: Proof of federally regulated employment

V. Declaration

Plaintiff submits a sworn declaration attesting to the facts above.

Respectfully submitted,

Todd Martin Squier, Plaintiff (Pro Se)

December 30, 2025

Todd Martin Squier