UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

TODD MARTIN SQUIER,

    Plaintiff,

v.

FAYETTE COUNTY, KY, et al.,

    Defendants.

Civil Action No. 5: 26-117-KKC

**ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Todd Martin Squier is a resident of Mount Juliet, Tennessee.  On January 2, 2026, Squier filed a *pro se* complaint against ten defendants (or categories of defendants) in the United States District Court for the Middle District of Tennessee.  [R. 1]  Three months later, with numerous motions still pending and without notice to the parties, that Court transferred the action to this Court on grounds of improper venue.  [R. 64]  The case is before the Court to address several matters.

First, Squier filed his first amended complaint on January 2, 2026.  [R. 12]  He was, of course, entitled to amend his complaint once as a matter of right.  *See* Fed. R. Civ. P. 15(a)(1).  Squier tendered a second amended complaint on February 12, 2026.  [R. 30]  Court permission was required to file that pleading, *see* Fed. R. Civ. P. 15(a)(2), which he neither sought nor obtained.  The Court will therefore strike that document from the record.

Second, the amended complaint identifies only four defendants.  *See* [R. 12 at 1-2]  Several other persons or entities are currently listed in the docket as defendants, either because they were included in the original (but now superseded) complaint or because they were improperly designated as defendants for service purposes only.  Because the amended complaint replaces the original, these nominal persons or entities will be terminated as defendants in this action.

Third, despite some lingering confusion by the parties as to which of Squier's pleadings was operative, the defendants' dispositive motions primarily and correctly focus upon Squier's first

amended complaint.  *See* [R. 54; R. 55; R. 60-1; R. 62]   These motions therefore remain pending despite this Court's post-response Order striking of the unauthorized pleading.

Fourth, the transferor court's Local Rules require a party to respond to a motion within fourteen days and to reply within seven days.  *See* LR 7.01(a)(3), (4).[1]   Because the first pending dispositive motion, [R. 54], was filed on March 24, 2026, Squier's first response comes due tomorrow, on April 7, 2026.  In light of the impending deadline, the recent venue transfer, and this Court's longer 21-day response and 14-day reply periods,[2] the Court will extend the deadline for each of the pending motions to dismiss as set forth below.

Further, if Squier does not file a timely response to the merits of a dispositive motion, the Court may dismiss the particular claims at issue or the case entire for failure to prosecute.  Fed. R. Civ. P. 41(b); *Bowles v. City of Cleveland*, 129 F. App'x 239, 241-42 (6th Cir. 2005).  Alternatively, the Court may treat plaintiff's silence as a concession that the moving defendants' characterization of the evidence is correct when deciding the motion.  *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404, 410 (6th Cir. 1992).

Accordingly, it is **ORDERED** as follows:

1.      Squier's second amended complaint. [R. 30] is **STRICKEN** from the record.

2.      The Clerk shall **TERMINATE** as defendants in this action:

    a.  "Fayette County, KY";
    b.  "Any Judge or Judicial Officer of Fayette County, KY who signed, recorded, or authorized the NCO or EPO (official capacity only)";
    c.  "Clerk of Fayette County, KY";

---

[1]      The Middle District of Tennessee's Local Rules are available at https://www.tnmd.uscourts.gov/sites/tnmd/files/2025.05.15%20TNMD%20Local%20Rules%20of%20Court%20-%202025%20amendments%20_0.pdf (accessed April 6, 2026).

[2]      This Court's Local Rules are available at https://www.kyed.uscourts.gov/sites/kyed/files/KY%20Amended%20Civil%20Rules_12-18-2024.pdf (accessed April 6, 2026).

2

    d.   "Kentucky Attorneys representing the opposing party acting under court authority (official capacity only)";

    e.   "Fayette County Police Department, Kentucky";

    f.   "Kentucky State Police if applicable";

    g.   "NICS/FBI Firearms Background Check Systems Administrators";

    h.   "Tennessee Department of Safety/Driver Services";

    i.   "Tennessee Law Enforcement Agencies (agencies enforcing or acting on NCO/EPO/NICS entries)";

    j.   "Any other Federal, State or Local entity";

    k.   "United States Attorney"; and

    l.   "Attorney General of the United States."

3.    **On or before April 10, 2026**, Squier **SHALL FILE** any reply in further support of his motions for a temporary restraining order, [R. 22, 24].

4.    **On or before April 17, 2026**, Squier **SHALL FILE** a substantive response to Lexington-Fayette Urban County Government's Motion to Dismiss, [R. 54].

5.    **On or before April 24, 2026**, Squier **SHALL FILE** a substantive response to Kathy H. Witt's Motion to Dismiss, [R. 60].

6.    **On or before April 24, 2026**, Squier **SHALL FILE** a substantive response to Tennessee Department of Safety & Homeland Security's Motion to Dismiss, [R. 62].

7.    Replies shall be filed in accordance with the Court's Local Rules.

8.    Upon completion of the briefing, these matters shall stand **SUBMITTED** for decision by the Court.  No other or further briefing on these issues shall be filed without prior leave of Court.

Entered:  April 6, 2026.

Signed By:

*Karen K. Caldwell* KKC

**United States District Judge**

3